# EXHIBIT 1

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _____   ◉ Lawsuit  ○ Divorce   Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| JOHN TURNER | VS | THOMPSON INDUSTRIAL SERVICES, LLC and DELTA SERVICES, a division of THOMPSON INDUSTRIAL SERVICES, LLC |

TO: (Name and Address of Defendant (One defendant per summons))

Thompson Industrial Services, LLC
Serve Registered Agent:
C T Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
⦿ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Glenn K. Vines, Jr. Plaintiff's attorney, whose address is 488 South Mendenhall Road, Memphis, TN 38117, telephone +1 (901) 462-3338 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE _____ Clerk

TESTED AND ISSUED  4-12-13   By _____ , D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE _____, Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this

_____

JIMMY MOORE _____ , Clerk

By: _____ , D.C.

Docket No: _____

IN THE
(CIRCUIT/CHANCERY) COURT

OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISCTRICT AT MEMPHIS

---

**SUMMONS IN A CIVIL ACTION**

---

John Turner
Plaintiff

VS

Thompson Industrial Services, LLC
Defendant

---

Glenn K. Vines, Jr. (BRP #19637)
Attorney for Plaintiff/Pro Se

(901) 462-3338
Telephone Number

---

**RETURN OF SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the 18TH day of APRIL, 20 13, at 12:05 PM, a copy of the summons and a copy of the Complaint to the following Defendant Thompson Industrial Services, LLC at CT Corporation, Registered Agent, 800 S Gay St, Ste 2021, Knoxville TN

By: Charles H McRe
Sheriff or other authorized person to serve process

Signature of person accepting service

---

**RETURN OF NON-SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following reason(s): _____

This _____ day of _____, 20___.

By: _____
Sheriff or other authorized person to serve process

FILED
APR 1 2 2013
CIRCUIT COURT CLERK
BY_____D.C.

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOHN TURNER,

    Plaintiff,

vs.

NO. CT001612-13

DIV. III

THOMPSON INDUSTRIAL SERVICES, LLC,
and DELTA SERVICES, a division of THOMPSON
INDUSTRIAL SERVICES, LLC

    Defendants.

JURY DEMANDED

---

## COMPLAINT FOR RETALIATORY DISCHARGE

---

    **COMES NOW** the Plaintiff by and through counsel and in support of his Complaint for Retaliatory Discharge would respectfully charge and aver unto the Court the following to wit:

    1.    Plaintiff John Turner respectfully alleges that he is an adult resident citizen of Memphis, Shelby County, Tennessee.

    2.    The Defendant, Thompson Industrial Services, LLC, upon information and belief, is a North Carolina corporation with offices in Memphis, Shelby County Tennessee and is authorized to conduct and transact business within the State of Tennessee with its principal place of business located at 104 North Main Street, Sumter, South Carolina and is amenable to service of process by and through its Tennessee registered agent, C T Corporation System, 800 S Gay Street, Suite 2021, Knoxville, Tennessee 37929.

1

3. The defendant, Delta Services is an operating division of Thompson Industrial Services, LLC. Thompson Industrial Services, LLC acquired Delta Services Inc. in 2009.

4. Plaintiff further alleges that this cause of action arises as a result of a retaliatory discharge of the plaintiff by the defendant on April 13, 2012 which occurred in Memphis, Shelby County. Said retaliatory discharge of the plaintiff is the subject matter of this cause of action, and defendant is, therefore, subject to the jurisdiction, venue and service of process of this Honorable Court.

5  Plaintiff would aver that on October 31, 2005, he was hired by Delta Services Incorporated as an employee to perform general labor and other "helper" duties.

6  Thereafter, the Plaintiff was promoted to crew leader in 2007 to perform industrial cleaning services among other duties.

7. Plaintiff would charge and aver that on March 9, 2010 he was working in the course and scope of his employment with the defendant when a high pressure hose burst, severely injuring the plaintiff's right hand.

8. Thereafter, plaintiff instituted a worker's compensation claim against his defendant employer under the Tennessee Workers' Compensation Act. *See (*Correspondence from plaintiff's counsel dated April 8, 2010) attached as Exhibit No 1 and incorporated herein by reference.

9. Plaintiff would charge and aver that after sustaining said injury but prior to reaching maximum medical improvement for the injuries sustained to his right hand and arm, plaintiff returned to work for his employer defendant under a light duty status. During this period of time wherein the plaintiff was working in a light duty status for the defendant employer

at the Valero site as well as other sites, plaintiff was attempting to diminish his severe pain by taking narcotic pain medication pursuant to the prescriptions and orders issued by his treating physician.

10.     During the period of time that plaintiff was having to take narcotic pain medication to diminish the severe nerve pain from his hand injury and while working at the Valero site for the defendant employer, plaintiff was administered multiple drug screens which were positive for the subject narcotic pain medication that plaintiff was taking while on light duty status and pursuant to his treating physician's prescription orders.

11.     Plaintiff would further charge and aver that due to his severe pain from his subject injuries, the plaintiff requested a pain management physician, and defendant agreed to provide the plaintiff with a panel of pain management physicians on August 23, 2011.  The plaintiff selected Dr. Dennis McCoy from the panel of pain management physicians.  *See* (Form C-42 from Holly Lewis with Thompson Industrial Services LLC) attached as Exhibit No 2 and incorporated herein by reference.

12.     Thereafter, plaintiff began taking various opiate pain medications pursuant to and in accordance with the physician's orders and based upon the prescriptions dispensed to control his pain from his worker's compensation injuries.

13.     Plaintiff would charge and aver that on March 28, 2012, the defendants by and though its counsel attempted to persuade Mr. Turner to resign from his employment with the defendants.  In a failed attempt to coerce Mr. Turner to resign, the defendant's dangled the tiny sum of $15,893.99 in money for the resignation of Mr. Turner.  *See* (Email from defendants counsel, Alex Elder dated March 28, 2012) attached as Exhibit No.3 and incorporated herein by reference.

3

14. Plaintiff would further charge and aver that on April 2, 2012, plaintiff was advised by the defendant employer that he had to submit to a hair follicle drug test and on said date plaintiff did in fact submit a hair sample for the aforementioned drug screen. Plaintiff would further charge and aver that on said date plaintiff was continuing to take opiate pain medication pursuant to his treating physician's orders and in accordance with the prescription issued by his treating physician.

15. Plaintiff would further charge and aver that on April 9, 2012, defendant employer was advised by Eva Ojeda at Lenox Healthcare MRO that Mr. Turner's hair follicle drug test was pending due to detection of opiate metabolites. Furthermore, Ms. Ojeda instructed the defendant employer to have Mr. Turner contact Eva Ojeda at Lenox Healthcare MRO. *See* (Email from Robbie Robinson to Danny Allison and Eddie McClatchey) attached as Exhibit No. 4 and incorporated herein by reference.

16. Plaintiff would charge and aver that on April 11, 2012, plaintiff was advised of the pending drug screen and to contact the aforementioned MRO. Plaintiff would charge and aver that on or about April 12, 2013, plaintiff contacted Lenox Healthcare MRO and advised them of his prescriptions and medicines that he was currently taking which included opiates for pain management and control. Furthermore, plaintiff produced to Lenox Healthcare MRO via facsimile a copy of his prescriptions that were issued by his treating physicians.

17. Plaintiff would further charge and aver that on April 13, 2012, he was advised by Danny Allison, general manager for the defendants that he was terminated from his employment with the defendant, Thompson Industrial Services LLC due to a positive drug screen. Plaintiff advised the general manager that the drug screen was pending and that he was taking opiate pain medication pursuant to prescriptions issued by his treating physicians, however, Danny Allison

4

again instructed Mr. Turner that he was fired and to contact defendant's human resource department in South Carolina. *See* (Separation Notice prepared by Danny Allison dated April 13, 2012) attached as Exhibit No. 5 and incorporated herein by reference.

18. On April 16, 2012, Lenox Healthcare MRO services issued the drug screen results to the defendant and the plaintiff for the aforementioned hair follicle drug test of Mr. Turner indicating that the results were negative. *See* (Lenox Health Care Medical Review Officer Drug Test Results Report dated April 16, 2012), attached as Exhibit No. 6 and incorporated herein by reference.

19. Thereafter, Mr. Turner contacted John Stodghill with defendant's human resource department in South Carolina requesting a reinstatement of his job with the defendant and John Stodghill advised plaintiff that he was still terminated from his employment with the defendant and further advised Mr. Turner that reinstatement at Thompson Industrial Services, LLC would never be an option for the plaintiff.

20. Plaintiff would charge and aver that he is currently unemployed despite efforts to obtain employment in the current labor market.

21. Plaintiff would further charge and aver that his request for worker's compensation benefits from the defendant employer was a substantial motivating factor in the defendant's discharge decision of the plaintiff on April 13, 2012.

22. Plaintiff would charge and aver that the retaliatory discharge of the plaintiff due to his request for workers' compensation benefits has proximately caused him to suffer a loss of back pay from the date of his discharge on April 13, 2012 and continuing thereafter and to be determined during the discovery conducted in this cause of action.

23.     Plaintiff would charge and aver that the retaliatory discharge of the plaintiff due to his request for workers' compensation benefits has proximately caused him to suffer a loss of front pay to be determined during the discovery conducted in this cause of action.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED**, plaintiff John Turner respectfully sues the defendants, Thompson Industrial Services, LLC and Delta Services, a Division of Thompson Industrial Services, LLC for a loss of back pay and a loss of front pay and other general damages to be determined by twelve Honorable and good citizens of Shelby County Tennessee.

Respectfully submitted,
NAHON SAHAROVICH & TROTZ, PLC

Glenn K. Vines, Jr. (BPR # 19637)
Attorney for the Plaintiffs
488 South Mendenhall Road
Memphis, Tennessee 38117
(901)462-3338

# NAHON SAHAROVICH & TROTZ, PLC
## ATTORNEYS AT LAW

488 SOUTH MENDENHALL ROAD • MEMPHIS, TN 38117
TELEPHONE (901) 683-2751 • FACSIMILE (901) 462-3350
WWW.NSTLAW.COM • TOLL FREE 1-800-LAW-4004

MARCUS NAHON [1,2]
ALEX SAHAROVICH [2]
COREY B. TROTZ [2,3]
GLENN K. VINES, JR. [2]
DAVID O. PRICE [2]
DAVID W. HILL [2,3,4]
DAVID A. SIEGEL [2]
LISA S. JOHNS [2,4]
ASHLEY E. WARD [2]
MARK N. GELLER [2]
C. TODD MASON [2]
STACY N. GREENE [2,4]
VALERIE L. SMITH [2]
LUJACLYN T. RICHARDSON [2]
LAURA M. OWINGS [1,2]
KIMBERLY N. GALLOWAY [2]
RUSSELL D. MARLIN [2,3]
GAR N. SCHWIPPERT [2,4]
LEAH S. BALL [2,3]
NATHAN C. WILLIAMS [2]
C. EDWARD BAKER [2]
ADAM H. JOHNSON [2,4]
COURTNEY C. BLACK [2]
STEPHANIE A. WALLS [2]

[1] Of-Counsel
[2] Licensed in Tennessee
[3] Licensed in Arkansas
[4] Licensed in Mississippi

Registered in Tennessee and
Arkansas as PLC and in
Mississippi as PLLC.

DIRECT DIAL NUMBER (901) 259-0406
DIRECT FACSIMILE NUMBER (901) 746-1548

April 8, 2010

*SENT VIA FACSIMILE TO (901)362-1240*
*& U.S. MAIL*

Mr. Darrell Johnson
Delta Services
3331 One Place
Memphis, TN  38116

    Re:    Our Client:    John Turner
           Our File Number:    226647
           Date of Loss:    03/09/2010

Dear Mr. Johnson:

    Please be advised that our office represents the interests of the above-named individual concerning an injury that he sustained during the course of his employment by you. Our office understands that our client's on-the-job injury occurred on or about March 9, 2010.

    A workers' compensation claim is hereby made on behalf of our client. Please notify your workers' compensation insurance carrier so that we can deal with said carrier directly. Also, please forward a copy of the Employer's First Report of Work Injury, Tennessee Workers' Compensation Form C-20, to this office.

    If you do not carry workers' compensation insurance, please contact me immediately at the direct dial number listed above.

Sincerely,

Ashley E. Ward

AEW:ad
226647 : NST414



FORM C-42

### TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
Division of Workers' Compensation
220 French Landing Dr.
Nashville, Tennessee 37243-1002



### AGREEMENT BETWEEN EMPLOYER/EMPLOYEE CHOICE OF PHYSICIAN

*It is a crime to knowingly provide false, incomplete or misleading information to any party to a workers' compensation transaction for the purpose of committing fraud. Penalties include imprisonment, fines and denial of insurance benefits.*

In compliance with The Tennessee Workers' Compensation Law, T.C.A. Section 50-6-204

The injured employee shall accept the medical benefits afforded hereunder; provided, the employer shall designate a group of three (3) or more reputable physicians or surgeons not associated together in practice, if available in that community, from which the injured employee shall have the privilege of selecting the operating surgeon and the attending physician. If the injury is a back injury, the statutory panel must be expanded to 4, one of whom must be a chiropractor with treatment limited to 12 chiropractic visits. Further, if the injury or illness requires the treatment of a physician or surgeon who practices orthopedic or neuroscience medicine, the employer may appoint a panel practicing orthopedic or neuroscience medicine consisting of 5 physicians, with no more than 4 physicians affiliated in practice. If the employer provides this panel, the injured employee shall be entitled to have a second opinion on the issue of surgery, impairment, and a diagnosis from that same panel.

1. **Dr. Jovie Bridgewater** — PHYSICIAN'S NAME — 662-349-2659 PHONE
   391 S Crest Cir #209 — Southaven — MS — 38671
   OFFICE ADDRESS — CITY — STATE — ZIP

2. **Dr. Dennis McCoy** — PHYSICIAN'S NAME — PHONE
   7601 Southcrest Pkwy — Southaven — MS — 38671
   OFFICE ADDRESS — CITY — STATE — ZIP

3. **Dr. Marcus Meekins** — PHYSICIAN'S NAME — 901-377-5999 PHONE
   1540 Appling Care ln, 105 — Cordova — TN — 38016
   OFFICE ADDRESS — CITY — STATE — ZIP

4. _____ PHYSICIAN'S or CHIROPRACTOR'S NAME — PHONE
   _____ OFFICE ADDRESS — CITY — STATE — ZIP

5. _____ PHYSICIAN'S NAME — PHONE
   _____ OFFICE ADDRESS — CITY — STATE — ZIP

(d)(1) "The injured employee must submit to examination by the employer's physician at all reasonable times if requested to do so by the employer, but the employee shall have the right to have the employee's own physician present at such examination, in which case the employee shall be liable to such physician for such physician's services."

(7) "If the injured employee refuses to comply with any reasonable request for examination or to accept the medical or specialized medical services which the employer is required to furnish under the provisions of this law, such injured employee's right to compensation shall be suspended and no compensation shall be due and payable while such injured employee continues such refusal."

According to the provisions of this agreement, I hereby have selected the following physician from the list provided to me by my employer.

Physician chosen: _____         Date of injury: 3-9-10
Date of selection: _____         Date of appointment: _____

Thompson Industrial
Employer's Name

Memphis            TN
Street Address / City / State / Zip

Phone: _____ *Holly Lewis for Thompson Industrial*
Employer's Signature

John Turner
Employee's Name
1225 Latham Apt 1
Street Address
Memphis            TN    38106
City / State / Zip
901-948-6193
Phone

Employee's Signature

Employee's SSN
32718 2010
State File Number

CLEAR FORM

LB-0382 (REV. 07/08)

EXHIBIT 2

| Turner, Mr. John | Case Type: WC TN | DOI: 03/09/2010 | LIM Date: 06/28/2012 |
|---|---|---|---|
| Case #: 226647 ( ) | Class: SET | Assigned: HSTANFIL | Date Opened: 04/07/2010 |

04/11/2013  05:13 PM                                                                                           Page 1 of 2

## Case Note - Page 263 of 317

Date: 03/28/2012  10:12 AM    Staff: AEW            Topic: E-Mail                     Case Status  [ ]

From: Alex Elder
To: Ashley E. Ward
CC: John Stodghill (jstodghill@thompsonind.com)
Subject: RE: John Turner
Received: 03/27/2012 5:00:52 PM

Turner will get $54,092.18 (1.5 times the rating) plus $10,907.82 and he keeps the advance without deduction. Thus he will get $65,000 in new money and the comp case is settled and approved and he resigns and signs the agreement. This is a net for him of $69,986.17. Anything over and above the comp settlement is confidential.

Alex C. Elder

Holley, Elder and McWhirter, P.C.
9032 Stonewalk Pl.
Germantown, Tn. 38138
Telephone (901)757-3367
Facsimile(901)757-3369
[Description: Description: HOLLEY, ELDER, MCWHIRTER LOGO]
The above message and any attachment are confidential and may be privileged. If you are not the intended recipient you must not copy this message or disclose its contents. If you are not the intended recipient please delete this message and any attachment.



From: Robbie Robinson <RRobinson@thompsonind.com>
To: Danny Allison <dallison@thompsonind.com>, Eddie McClatchey <EMcClatchey@thompsonind.com>
Date: 04/09/2012 10:24 AM
Subject: FW: Disa Test Result Pending

Robbie Robinson

Administrative Manager

3331 One Place

Memphis, TN 38116

**901-362-7700 Phone**

**901-362-1240 Fax**

From: eva.ojeda@disa.com [eva.ojeda@disa.com]
Sent: Monday, April 09, 2012 10:23 AM
To: Bill Shipe; Robbie Robinson; Debbie Shirley; MRO_Notification@disa.com
Subject: Disa Test Result Pending

Please have donor contact the MRO at 800-232-5833.

Donor Name: JOHN TURNER
SSN: XXX-XX-6546
COC: P374222
Pre-Employment, 04/02/2012 00:00:00
Thompson Industrial Services
Policy: Hair Testing Consortium Policy-Thompson Industrial
Collection Site: TN032
Stnd Hair

Thank you,

Eva Ojeda
LENOX HEALTHCARE MRO

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s).

Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.

http://mail.thompsonind.com:3000/WorldClient.dll?Session=YFYNIMF... 4/9/2012

**EXHIBIT**

STATE OF TENNESSEE
DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
DIVISION OF EMPLOYMENT SECURITY
## SEPARATION NOTICE



1. Employee's Name: John *(First)* ___ *(Middle Initial)* Turner *(Last)*   2. SSN 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
3. Last Employed: From: 10/31/05 to 4/13/12   Occupation: Crew Leader
4. Where was work performed? Various Plants
5. Reason for Separation:   ☐ Lack of Work   ☒ Discharge   ☐ Quit

If lack of work, indicate if layoff is   ☐ Permanent   ☐ Temporary

If temporary, when do you expect to recall this individual? Date _____ (mm/dd/yy)

If temporary, report any vacation pay that will be paid.   Week Ending Date _____ (mm/dd/yy)   Amount _____

If layoff is indefinite vacation pay should not be reported.

If other than lack of work, explain the circumstances of this separation:

> Terminated For Cause
> Failed Drug Screen

Employer's Name: Thompson Industrial Services, LLC

Address where additional information may be obtained:

279 Progress Street

City: Sumter   State: SC   Zip Code: 29153

Employer's Telephone Number: (803) 934-0134

Employer's E-Mail Address: Delta Services is a div. of Thompson

**EMPLOYER'S ACCOUNT NUMBER**

05939014

*(Number shown on State Quarterly Wage Report (LB-0851) and Premium Report (LB-0456)*

I certify that the above worker has been separated from work and the information furnished hereon is true and correct. This report has been handed to or mailed to the worker.

Signature of Official or Representative of the Employer who has first-hand knowledge of the separation.

_____
Title of Person Signing: General Manager

Date Completed and Released to Employee: 4/13/12 (mm/dd/yy)

### NOTICE TO EMPLOYER
Within 24 hours of the time of separation, you are required by Rule 0800-09-01 of the Tennessee Employment Security Law to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a request for the same information on LB-0810, please give complete information in your response.

### NOTICE TO EMPLOYEE
IF YOU ARE FILING A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS **BY TELEPHONE OR INTERNET** YOU MAY BE INSTRUCTED TO MAIL, OR FAX THE SEPARATION NOTICE TO THE TENNESSEE CLAIMS CENTER. IF YOU ARE FILING A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS **IN-PERSON** PLEASE TAKE THIS NOTICE TO THE LABOR AND WORKFORCE DEVELOPMENT OFFICE.

LB-0489 (Rev. 08-09)

EXHIBIT 5

## Lenox Health Care MRO Services
### Medical Review Officer Drug Test Results
12600 Northborough Drive STE 300, Houston, TX 77067

| | |
|---|---|
| Company: | Thompson Industrial Services |
| Policy: | Hair Testing Consortium Policy-Thompson Industrial |
| Attn: | William Shipe |

**CONFIDENTIAL: TO BE OPENED BY ADDRESSEE ONLY**

| | | | |
|---|---|---|---|
| CCF Receive Date: | 4/13/2012 | Lab Release Date: | 4/6/2012 5:07:00 PM |
| Approval Date: | 4/16/2012 2:32:55 PM | Donor Employee Number | 6546 |
| Lab Test ID: | P374222 | Donor Name: | JOHN TURNER |
| Collected Date: | 4/2/2012 | Reason For Test: | Pre-Employment |

| Test Name | Result |
|---|---|
| Cocaine | Negative |
| Opiates | Negative |
| Phencyclidine | Negative |
| Amphetamines | Negative |
| Cannabinoids | Negative |

I have reviewed the laboratory results for the specimen identified here in accordance with D.H.H.S. guidelines. My final determination is: **Negative**

4/16/2012 2:32:55 PM

Barry Sachs D.O.                                    Date
Medical Review Officer

**Medical Review Officer**                          **MRO Comments:**
Lenox Health Care MRO Services
Barry Sachs D.O.
800-232-5833
12600 Northborough Drive
STE 300
Houston TX 77067
Report Released By: Jacqueline Limon

**Specimen Collection Facility**                    **Analyzing Laboratory**
Southern Family Medical Clinic @ TVTC               Psychemedics, Inc.
324 West Mallory                                    5832 Uplander Way
TVTC Facility
Memphis TN 38109                                    Culver City CA 90230



https://www.disa.com/disaworks/programs/drugtest/mro_results/lab_results_mro_report.as...